UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE PIERCE,

    Plaintiff,

v.                                                               CASE No.  8:04-CV-2198-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the partial denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has a high school education (Tr. 352),[2] has

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

[2] Although the plaintiff stated on a disability report that she completed four years of college (Tr. 151), she testified at the administrative hearing that she did not attend college (Tr. 352).

worked primarily as a bookkeeper (Tr. 146). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to mono-vision, back and leg condition, asthma, allergies, constant pain, and poor memory (Tr. 145). The claims were denied initially (Tr. 51). The plaintiff sought reconsideration, adding that she was disabled due to arthritis, memory loss, headaches and emotional problems (Tr. 175-78). The claims were also denied upon reconsideration (Tr. 56).

      The plaintiff, at her request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff suffered from a "combination of medically determinable severe impairments including osteoarthritis, asthma, degenerative disc disease, lumbar spine, status-post silicone breast implants, headaches, vision problems, myalgias (diffuse), malar rash, chronic pain disorder, major depressive disorder, and anxiety disorder" (Tr. 20). She concluded that, for the period from December 1, 1998, to June 30, 2002, these impairments limited the plaintiff to a restricted range of light work, thereby precluding a return to prior jobs (Tr. 27). However, based upon the testimony of a vocational expert, the law judge decided that, for the period from December 1, 1998, to June 30, 2002,

jobs existed in the national economy that the plaintiff could have performed, such as small parts assembly worker, case packer and sealer, and production inspector (id.). The law judge therefore ruled that, from December 1, 1998, to June 30, 2002, the plaintiff was not disabled (id.). However, with regard to the period commencing July 1, 2002, the law judge found that the plaintiff's mental impairments met listing 12.04 C of Appendix 1, and, accordingly, since that time, she has been under a disability as defined in the Social Security Act (id.). The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C.

423(d)(3), 1382c(a)(3)(D).     A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

    It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff raises four challenges to the Commissioner's decision. None warrants reversal.

A. The plaintiff contends first that the law judge disregarded the opinions of the claimant's treating physicians (Doc. 11, pp. 3-4). The plaintiff provides no citation to the record in support of this assertion (id.).[3] In fact, as the Commissioner points out (Doc. 13, p. 5), the plaintiff had no treating physician for the pertinent time period. Thus, a treating source is a physician who has had an ongoing treatment relationship with the plaintiff, 20 C.F.R. 404.1502, and the record does not reflect any such relationship. Therefore, this contention is baseless.

B. Next, the plaintiff argues that the law judge did not properly assess the claimant's allegations of pain under the pain standard articulated by the Eleventh Circuit (Doc. 11, pp. 4-5). See Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985). This argument is without merit. Thus, the law judge recognized the

---

[3] It is noted that the Order directing the filing of memoranda expressly states that "any ... discrete challenges must be supported by citations to the record of the pertinent facts" and that "[a]ny contention for which th[is] requirement[] [is] not met is subject to being disregarded for insufficient development" (Doc. 12). Therefore, this failure alone is sufficient to justify rejection of this contention.

need to articulate a credibility determination and referred to the regulation and social security ruling governing such a determination (Tr. 22-23), which demonstrates that she applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Additionally, the law judge stated that she followed these guidelines in making her determination (Tr. 23).

Furthermore, the law judge adequately explained her reasons for finding that the plaintiff's allegations of pain are not fully credible. Thus, the law judge found that the plaintiff's allegations of persistent pain were not consistent with the evidence of record, and she supported this determination with citations to the opinions of several physicians who, upon examination, did not find that the plaintiff suffered from a disabling condition (Tr. 22, 23). In sum, the record shows that the law judge used the proper standard in assessing the plaintiff's subjective complaints and provided adequate reasons for her determination. The court is not authorized to second guess the law judge's credibility determination. See Celebrezze v. O'Brient, supra, 323 F.2d at 990.

In conjunction with the argument that the law judge's credibility finding was erroneous, the plaintiff contends that the law judge

failed to consider the plaintiff's non-exertional impairments and their effect on the plaintiff's ability to work (Doc. 11, p. 5). This argument is clearly wrong. Thus, the law judge noted various environmental and mental non-exertional impairments identified by the plaintiff's consulting and evaluating physicians (Tr. 22-23). Furthermore, as reflected in her determination of the plaintiff's residual functional capacity, the law judge accepted several of these limitations, noting that the plaintiff was to "avoid[] []exposure to environmental pollutants and temperature extremes" (Tr. 23; see also Tr. 27). She added (id.):

> [N]on-exertionally, the claimant would have required jobs that would be considered low stress by virtue of involving occasional contact with the public. The claimant's depression resulted in additional limitations, such as mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace.

Moreover, the law judge's hypothetical questions to the vocational expert confirm that the law judge did evaluate the effect of these non-exertional impairments on the plaintiff's ability to work. Thus, each hypothetical question to the vocational expert reflected several non-exertional impairments (Tr. 394-97). Ultimately, the law judge determined

that the plaintiff could have worked as a small parts assembly worker, case packer and sealer, and production inspector (Tr. 25). Importantly, these were jobs that the vocational expert testified would enable the plaintiff to avoid "concentrated exposure to cold, heat, humidity, dust, fumes, gasses [sic], air pollutants" and required only "limited ... interaction with the public" (Tr. 394, 395). Accordingly, the plaintiff's contention that the law judge failed to consider her non-exertional impairments in determining her ability to work is groundless.

On this point, the Commissioner perceives that the plaintiff is contending that the law judge failed to consider the combined effects of the plaintiff's impairments. It is not clear to me that the plaintiff is asserting such a contention. But if she is, it is meritless. The law judge makes clear in her decision that she did consider the combined effect of the plaintiff's impairments, stating expressly that "[t]he Regulations require that if a severe impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis" (Tr. 20).

C. The plaintiff next argues that the law judge "erred by not posing complet[e] hypotheticals to [the] vocational expert which considered all of the claimant's impairments" (Doc. 11, pp. 5-6). The law judge's

hypotheticals included numerous exertional and non-exertional impairments (Tr. 394-96). The plaintiff's conclusory argument does not identify any limitation that was not included in a hypothetical, but should have been. See Doc. 12 ("any ... discrete challenges must be supported by citations to the record of the pertinent facts" and that "[a]ny contention for which th[is] requirement[] [is] not met is subject to being disregarded for insufficient development"). This contention, therefore, was not properly developed and is deemed abandoned.

      D.    Finally, the plaintiff contends that the law judge disregarded the opinion of the medical expert, Dr. Michael D. Eastridge, Ph.D., a clinical psychologist who testified at the administrative hearing (Tr. 384-91). The law judge found that the plaintiff met the 12.04 C listing for the period beginning July 1, 2002, and appeared to rely on Dr. Eastridge's testimony, at least in part, in making this determination. (The law judge, giving the plaintiff the benefit of the doubt, also expressly considered that the plaintiff suffered the loss of her mother, sister and two friends in a three-month period beginning July 2002 (Tr. 25)). However, the law judge's interpretation of Dr. Eastridge's testimony and, concomitantly, her finding

that the plaintiff met listing 12.04 C, even for the period commencing July 1, 2002, was generous, if not erroneous.

Listing 12.04 has an A and B part, and a distinct C part. It appears to me that Dr. Eastridge was addressing the criteria for the A and B parts (Tr. 386). He does not mention part C or explain how the plaintiff's condition meets, or equals, one of the criteria of that part.

The testimony of Dr. Eastridge was vague and uncertain. He was not an examining physician; his testimony was based upon a review of the plaintiff's file and the plaintiff's testimony at the hearing (Tr. 385). Notably, a non-examining reviewing psychologist opined that the plaintiff did not even have a severe mental impairment (Tr. 249). Moreover, neither of the psychological reports that were relied upon by Dr. Eastridge stated that the plaintiff satisfied a listing.[4]

Further, the plaintiff stated to psychologist Dr. Steven N. Kanakis on June 12, 2003, that she became "increasingly 'depressed and

---

[4]Thus, the evaluation of Dr. Nancy Hinkeldey of August 3, 2001 (Tr. 233-36), determined the plaintiff suffered from a single episode of a mild to moderate depressive disorder, but did not opine that the plaintiff met a listing or that she was otherwise disabled from working. Dr. Kanakis's evaluation was performed on June 12, 2003, and does not purport to determine her mental status prior to July 1, 2002, other than to acknowledge the plaintiff's statement that her mental condition has worsened over the last year (Tr. 286-88).

nervous' over the last year" (Tr. 287). Thus, the worsening of her condition over that year shows that her mental status in June 2003 does not establish a disabling depression a year earlier. Notably, the plaintiff told Dr. Kanakis that, around November 2002, she worked for a couple of months (id.). While this might not amount to substantial gainful activity that would end the sequential analysis at step one, see 20 C.F.R. 404.1520, 416.920, it certainly provides evidence contradicting a claim of total disability. Consequently, there is no basis for finding that the law judge's generosity in deciding that the plaintiff met the 12.04 C listing should have been extended back before July 1, 2002. In other words, there is substantial evidence supporting the finding that the plaintiff was not disabled before July 1, 2002.

      It is, therefore, upon consideration

      ORDERED:

      That the decision of the Commissioner is affirmed. The Clerk shall enter judgment in accordance with this Order and close this case.

      DONE and ORDERED at Tampa, Florida, this 3rd day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE